## FORMAN et al. *v.* WALKER.

An agent is a competent witness against his principal, in regard to the business of his agency.

One who purchases a bill of exchange from an agent, duly authorized to draw upon his principal, on shipment to the latter of produce purchased for him, has nothing to do with the limitations fixed by the principal as to the price of the produce, unless proved to have been aware of them.

Where an agent is authorized to ship to his principal, and to draw on him, "with bill of lading attached," it is unimportant that the bill of lading be not *materially* attached or fastened to the bill of exchange. It is sufficient that the bill of exchange be drawn on the shipment, and that the bill of lading be delivered with it to the purchaser of the bill.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J, *Stockton* and *Steele*, for the plaintiffs. *Elmore* and *King*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. The plaintiffs have sued the defendant, to recover an alleged balance due on three certain bills of exchange, drawn in Cincinnati by *John G. Wasson*, on the defendant in New Orleans, payable at sight. They were protested on presentment. An arrangement was however made, by which the produce, on which the bills were drawn, was sold in New Orleans by the defendant, the proceeds of which were applied in part payment of the bills.

The allegations on which the liability of the defendant is based, are, that *Wasson*, the drawer of the bills, was the agent of the defendant, and was employed by him to purchase oats, hay, and horses, in the western country; that he had full power to draw the bills, in order to provide funds for making said purchases; that the petitioners, having confidence in the honesty and good faith of said Walker, gave to his agent the full value of said bills, the proceeds of which were applied to the objects of said agency, for the defendant, and in accordance with his instructions; that, at the time of selling the said bills of exchange, the said agent shipped to the said defendant a large quantity of oats, which had been

FORMAN
*v.*
WALKER.

paid for with the proceeds of said bills, and transferred to the petitioners the bills of lading, as a security for their payment. The plaintiffs also charge that, throughout the whole business the defendant acted with the intention to defraud them and others; he, the said defendant, being in the habit of paying bills thus drawn, as long as the purchases made on his account turned out to be profitable. The defendant has pleaded the general issue, and charges collusion and combination between the plaintiffs and *J. G. Wasson*, with the view of defrauding and injuring him. There was judgment in favor of the plaintiffs for the sum of seven hundred and ninety eight dollars twenty five cents, with legal interest from judicial demand, until paid, and costs of suit. The defendant has appealed.

A bill of exceptions was taken to the admission of the testimony of *Wasson*, on the ground of interest. No exception was taken to any particular portions of his testimony as inadmissible; and, we think, the court did not err in admitting the testimony, under the issues between the parties. He was undoubtedly the agent of the defendant, and upon principle a competent witness.

It appears that the plaintiffs, who are merchants in New Orleans, received from a member of their house, who was at Cincinnati, bills of lading for two shipments of oats, with directions to deliver the bills of lading to the defendant, on his paying one of the bills on which this suit was brought; that afterwards, the plaintiffs received bills of lading for two other shipments, with the same directions with reference to the two other bills, which form a part of the plaintiffs' present demand. The bills of lading were tendered to the defendant on his payment of the bills of exchange, which were drawn at sight, but which he refused to accept or pay. The bills of exchange were not attached—that is, were not fastened to the bills of lading when they came to hand, but were received at the same time. The transaction, on the part of the plaintiffs, through their partner in Cincinnati, appears to have been perfectly fair, and according to mercantile usage. The bills of exchange were taken with the bills of lading, as their security, and the equivalent given for them was applied to the benefit of the defendant, in the purchase of produce.

It appears by the correspondence between the defendant and *Wasson*, that before the purchase of the bills by the plaintiffs, *Wasson* had drawn several bills on shipments from Cincinnati, in the same manner as these appear to have been drawn. The agency of *Wasson* was of the most extensive character, for the purchase of produce of this description, so far as relates to quantity; and, we think, the purchasers of bills had nothing to do with the limitations fixed by the defendant, on the prices to be paid, unless they were apprized of them. For the authority of *Wasson* to draw these bills, we think the defendant's letter of March 19th, 1847, is sufficient. The following is an extract: "Get the twenty thousand bushels you speak of; do not let them go out of your hands; oats and hay, you know, I must have. You can, if necessary, when you ship me oats and horses, draw on me, with bill of lading attached, at ten days' sight; and, if you find it necessary, at one day's sight, for not over $1000 at one time; you might even, if compelled, draw at sight."

We think there is nothing in the objection taken by the counsel for the defendant, that the bills of exchange were not in conformity with this letter, because the bills of lading were not *materially* attached to them. It is sufficient, according to the understanding of mercantile men, that the bill of exchange should be drawn on the shipment, and that the bill of lading be delivered with it to the purchaser. It is not pretended that the defendant was not regularly apprized by

his agent of the drawing of the bills, and of the shipments against which they were drawn.

The district judge considered this case with great care, and we concur with him in the results of his opinion. It would be against every principle of mercantile law to enable a man, under circumstances like these, after creating a credit in favor of bills drawn by his own agent, and for his own benefit, to throw the loss of his speculations on the *bonâ fide* holders.                    *Judgment affirmed.*